# IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND
## (Civil Division)

| | |
|---|---|
| THOMAS ALSTON<br>10012 Cedarhollow Lane<br>Largo, MD 20774<br><br>Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br>4050 E. Cotton Center Boulevard<br>Building 2, Suite 20<br>Phoenix, AZ 85040<br>Serve: The Corporation Trust Incorporated<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. CAL 12-32727<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Thomas Alston, (hereafter the "Plaintiff") and for his complaint against the Defendant Cavalry Portfolio Services, LLC ("Cavalry"), alleges as follows:

### Preliminary Statement

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to Fair Debt Collection Practices Act, 15 U.S.C. S1692 *et seq.* (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*("FCRA") and the common law tort of defamation

### PARTIES

2. Plaintiff Thomas Alston is a natural person and resides in the State of Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and FDCPA, 15 U.S.C. §1692a(3).



1

3. Defendant Cavalry is a Delaware Limited Liability Company principally located at 4050 E. Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040.

4. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. S 1692a(6).

5. Defendant is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), in that it regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

## FACTS

6. In correspondence to Mr. Alston dated, July 15, 2011 Cavalry falsely asserted that Mr. Alston had a delinquent credit card account with HSBC Bank Nevada, N.A. ("HSBC"). Cavalry further falsely represented that Cavalry purchased the account from HSBC and that Mr. Alston owed Cavalry $449.63.

7. The alleged credit card debt allegedly arose from services provided by HSBC, which were primarily for family, personal or household purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5).

8. Mr. Alston advised Cavalry in a letter dated August 8, 2011 that the only account he had with HSBC was closed in 2005. Mr. Alston further requested Cavalry cease collection efforts until it provided documents substantiating the existence of the account and that it was purchased by Cavalry. Mr. Alston specifically asked for the "agreement/application that created th[e] account."

9. Upon information and belief Cavalry began reporting the account to Equifax, Experian and Transunion ("credit bureaus") in August 2011.

10. Mr. Alston disputed the Cavalry account with the credit bureaus. Upon information and belief the credit bureaus forwarded the dispute to Cavalry. Cavalry verified the

account as being reported correctly and instructed the credit bureaus to continue reporting the negative collection account.

11. On October 6, 2011 Mr. Alston received correspondence from Robertino Gooding on behalf of Cavalry. Gooding's letter purported to be a verification of the debt. The letter falsey asserted that the account:

   a) was opened with HSBC;

   b) was opened on July 16, 2010;

   c) was charged off on May 31, 2011; and

   d) had a balance of $455.20.

12. On or about October 19, 2011 Mr. Alston responded to Gooding's letter. Mr. Alston mailed a letter to Cavalry stating that the verification of debt did not include documentation substantiating the debt as requested in his August 8, 2011 letter. Mr. Alston concluded his letter by repeating his request for "any documentation that substantiates Cavalry claim that I have a valid obligation to them."

13. Cavalry never provided any documentation supporting its claim that the debt existed and was purchased by Cavalry.

14. In correspondence dated January 4, 2012 Cavalry was still claiming Mr. Alston owed it $462.32 and offered to settle the debt for $369.86.

15. Based upon the circumstances of Cavalry's instructions to the credit bureaus, Mr. Alston believes that inaccurate credit reports were published to SunTrust, Capital One and others.

## COUNT ONE: VIOLATIONS OF FDCPA

16. Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set out herein.

17. Defendant Cavalry violated 15 U.S.C. §1692e(2) & (10) by falsely representing it purchased a debt owed by the Plaintiff to HSBC for an amount of $449.63 in an attempt to collect the debt.

18. As a result of conduct, actions and inactions of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, embarrassment, humiliation, emotional and mental distress.

19. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681 s-2(b)

20. Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21. Cavalry both negligently and intentionally violated the Fair Credit Reporting Act at 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of the account.

22. At all times during its investigations of Mr. Alston's disputes, Cavalry knew it had no documentation to substantiate a valid, legal account obligating Mr. Alston. Had Cavalry performed a reasonable investigation it would have found that the account could not be verified.

23. Said actions of Cavalry also violated Mr. Alston's rights under the FCRA at §1681s-2(b)(1)(D) & (E), which states "if an item of information disputed by a consumer is

found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—(i) modify that item of information; (2) delete the item of information; or (iii) permanently block the reporting of that item of information.

24. Cavalry did not delete the account until after Mr. Alston brought civil action AW-12-CV2065 in the United States District Court for the District of Maryland, Southern Division. Cavalry should have deleted the account after Mr. Alston disputed the account with credit bureaus.

25. As a result of conduct, actions and inactions of Cavalry, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

26. Cavalry's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Cavalry was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

27. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from Cavalry in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: DEFAMATION

28. Plaintiff realleges and incorporates paragraphs 1 through 27 above as if fully set out herein.

29. Cavalry intentionally and maliciously instructed the credit bureaus to report publicly that Plaintiff had a collection account.

30. Cavalry's statements to the credit bureaus that Plaintiff had a collection account were falsely published without a privilege.

31. As a result of Defendant's publication, Plaintiff's credit score was reduced, credit applications were denied, and credit opportunities were lost. Plaintiff has also suffered substantial, actual damages including but not limited to: out-pocket expenses, frustration, upset, humiliation and embarrassment, emotional and mental pain and suffering.

32. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for compensatory damages.

WHEREFORE, your Plaintiff prays for judgment for actual, statutory and punitive damages against Cavalry Portfolio Services, LLC; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

THOMAS ALSTON

By _____
Thomas Alston
10012 Cedarhollow Ln
Largo, MD 20774
(301) 350-5780