# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| THOMAS ALSTON, <br><br> Plaintiff, <br><br> v. <br><br> CAVALRY PORTFOLIO SERVICES, LLC et al., <br><br> Defendants. | Civil Action No. 8:12-cv-03589-AW |

## MEMORANDUM OPINION

Pending before the Court is Defendant Capital Management Services, LP's Motion to Dismiss. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Thomas Alston resides in Maryland. Defendant Capital Management Services ("Defendant") is a debt collector that does business in Maryland. Plaintiff alleges that, on July 15, 2011, former Defendant Cavalry Portfolio Services, LLC (Cavalry) sent him correspondence falsely asserting that Plaintiff had a delinquent credit card account. In this communication, Cavalry represented that Plaintiff owed it $449.63. Plaintiff allegedly disputed the debt with Cavalry. According to Plaintiff, Cavalry ultimately deleted the account when Plaintiff filed a civil action.

At an unspecified time after October 19, 2011, Defendant sent Plaintiff correspondence asserting that Plaintiff had a delinquent debt of $457.84 with Cavalry. In this correspondence, Defendant allegedly represented that it was authorized to settle the debt on Cavalry's behalf for

1

$283.86. To supplement its Motion to Dismiss, Defendant has included a letter whose content equals Plaintiff's allegations concerning said correspondence. The letter is dated November 6, 2011. *See* Doc. No. 36. The Court treats this letter as a part of Plaintiff's Second Amended Complaint because it is referred to therein and integral thereto. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted).

In response, Plaintiff allegedly sent Defendant a letter explaining that the debt was invalid. Plaintiff further alleges that he requested verification of the debt. Additionally, Plaintiff alleges that Defendant responded to his letter, stating that it had requested the debt verification information from Cavalry and would give it to him once Defendant received it. Plaintiff adds that Defendant never provided him with such information.

Based on these allegations, Plaintiff has filed a Second Amended Complaint asserting claims for violations of the FDCPA, the Maryland Consumer Debt Collection Act (MCDCA), and the Maryland Consumer Protection Act (MCPA). Doc. No. 28. Defendant has filed a Motion to Dismiss. Doc. No. 31. This Motion is ripe.[1]

## II. STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This

---

[1] Plaintiff initially filed suit against Cavalry. Plaintiff subsequently added former Defendant Accounts Receivable Management, Inc. to the suit. Plaintiff has voluntarily dismissed his claims against these former Defendants.

showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. ANALYSIS

## A. FDCPA

The FDCPA follows a one-year statute of limitations. 15 U.S.C. § 1692k(d). The limitations period under § 1692k(d) generally starts to run on the date of the first violation. *See Fontell v. Hassett*, 870 F. Supp. 2d 395 (D. Md. 2012) (citation omitted).

In this case, the documentation that Plaintiff's Second Amended Complaint incorporates shows that Defendant sent the allegedly offending communication on or around November 6, 2011. Yet Plaintiff failed to file suit until May 6, 2013. Plaintiff's FDCPA claim is time-barred as he waited 18 months to bring his FDCPA claim. Plaintiff maintains that it is improper for the Court to consider said communication as it is outside of the Second Amended Complaint. This

assertion is incorrect in light of the fact that the Second Amended Complaint references this document and it is integral to Plaintiff's FDCPA claim. Nonetheless, Plaintiff's claim would be time-barred even if the Court did not consider said communication. Plaintiff's allegations lead ineluctably to the inference that Defendant sent said communication between October 2011 and January 2012. *See* Doc. No. 28 ¶¶ 17–21. As May 2103 falls well over a year after January 2012, Plaintiff's FDCPA claim is time-barred.

**B.     MCDCA**

Pertinently, the MCDCA provides that, in collecting or attempting to collect an alleged debt, a collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law § 14-202(8). Here, Plaintiff's allegations fail to sustain a plausible inference that Defendant had knowledge that the debt in question did not exist. Plaintiff does not expressly plead knowledge on Defendant's part, and the scant and vague allegation that Defendant stated that it had requested the debt verification information from Cavalry and would give it to Plaintiff once Defendant received it, if anything, supports the inference that Defendant lacked such knowledge. Furthermore, Plaintiff's allegations fail even to create a plausible inference that Plaintiff did not owe the debt in question. Although the Court might have suggested otherwise in its prior Memorandum Opinion, the Court has carefully reviewed Plaintiff's Second Amended Complaint and is convinced that it is equivocal. Plaintiff never clearly alleges that he never incurred the debt in question, and the allegation that Cavalry deleted the account after Plaintiff filed suit is amenable to any number of innocuous inferences. Accordingly, Plaintiff has failed to state a facially plausible MCDCA claim.

## C. MCPA

Plaintiff asserts a derivative MCPA claim pursuant to section 13-301 of the Commercial Law Article of the Maryland Code. *See* Md. Code Ann., Com. Law § 13-301(14). This claim fails as a matter of law for the reasons stated in Part III.B. To the extent Plaintiff's MCPA claim were a standalone claim, it would fail because Plaintiff's sparse allegations fail to create a plausible inference that Defendant has made a material misrepresentation or omission or violated the MCPA in any other conceivable way. *See generally Currie v. Wells Fargo Bank*, N.A., --- F. Supp. 2d ----, 2013 WL 2295695, at *5 (D. Md. May 23, 2013) (discussing the requirements for stating a claim under the MCPA).

## D. Other

Plaintiff has requested the Court to allow him to amend his Second Amended Complaint based on his facially equivocal assertion that Defendant "may have had no authority from [Cavalry] to collect on the debt." Doc. No. 34 at 4. The Court denies this request. Outside of the fact that Plaintiff's request is equivocal, Plaintiff has already filed three complaints and has not satisfied the standard for either amending a complaint or for modifying the scheduling order. *See generally Hawkins v. Leggett*, --- F. Supp. 2d ----, 2013 WL 3218964, at *18 (D. Md. June 24, 2013) (stating the standard for amending a complaint and modifying a scheduling order). Also, Defendant appears to make a conclusory, one-sentence request for sanctions in its reply brief. *See* Doc. No. 37-1 at 4. Defendant has not adequately presented this question for the Court to consider it.

| August 21, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |